IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00674-LTB

FRANK J. POWELL,

    Applicant,

v.

[NO NAMED RESPONDENT],

    Respondent.

## ORDER DENYING MOTION TO RECONSIDER

    Applicant, Frank J. Powell, is a prisoner in the custody of the State of Colorado who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. He filed *pro se* on May 31, 2012, a motion titled "Motion for Rehearing" (ECF No. 10). Mr. Powell asks the Court to reconsider the amended order of May 1, 2012 (ECF No. 9), which dismissed this action for failure to cure the deficiencies designated in the order to cure of March 20, 2012.

    The Court must construe liberally Mr. Powell's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. The Court will consider Mr. Powell's motion to reconsider pursuant to Rule 60(b) because it was filed more than twenty-eight days after the judgment was entered in this action. Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

Mr. Powell initiated this action by filing *pro se* a document titled "Petition for Violation of Constitutional Rights Under the 14th, 6th and 5th Amendments" (ECF No. 1). On March 20, 2012, as part of the Court's review pursuant to D.C.COLO.LCivR 8.2, Magistrate Judge Boyd N. Boland ordered Mr. Powell to cure certain deficiencies if he wished to pursue his claims. Specifically, Magistrate Judge Boland ordered Mr. Powell to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action together with a certificate of the warden showing the current balance in his prison account. Magistrate Judge Boland also directed Mr. Powell to file a 28 U.S.C. § 2254 habeas corpus application on the proper, Court-approved form. The March 20 order directed Mr. Powell to obtain the Court-approved forms to file the § 1915 motion and affidavit and § 2254 application, along with the applicable instructions, at [www.cod.uscourts.gov.](www.cod.uscourts.gov.) Lastly, Magistrate Judge Boland warned Mr. Powell that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

On April 27, 2012, the Court entered an order of dismissal, noting that Mr. Powell

had failed to cure the designated deficiencies within the time allowed or otherwise to communicate with the Court in any way. Therefore, the Court denied the petition and dismissed the action without prejudice based on Mr. Powell's failure to cure the deficiencies designated in the March 20 order and failure to prosecute.

At the time the April 27 dismissal order was entered, the Court was unaware that Mr. Powell had submitted in the instant action a Prisoner Complaint pursuant to 28 U.S.C. § 1983 (ECF No. 5) and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 4), which the Court docketed on April 26, 2012. However, the submitted documents did not comply with the March 20 order to cure. Mr. Powell failed to use the proper, Court-approved form in a habeas corpus action as directed in the March 20 order to cure. Instead, he had filed on the Prisoner Complaint form a habeas corpus action that appeared to be challenging the validity of his conviction and sentence pursuant to 28 U.S.C. § 2254 and/or the execution of his sentence pursuant to 28 U.S.C. § 2241, not the conditions of his confinement pursuant § 1983. In addition, the § 1915 motion did not contain a certified copy of Mr. Powell's trust fund account statement for the six-month period immediately preceding this filing, as required in a § 1983 civil rights action, or a certificate showing the current balance in his prison account, as required in a habeas corpus action pursuant to §§ 2241 and 2254.

The documents submitted on April 26 did not cure the designated deficiencies and, therefore, the Prisoner Complaint and the action was dismissed for Mr. Powell's failure to cure the designated deficiencies as directed within the time allowed. The May 1 amended dismissal order discusses the basis for the dismissal in greater detail. In his

motion to reconsider, Mr. Powell fails to address the reasons for the dismissal of this action, other than to allege he does not have Internet access to obtain the necessary Court-approved forms. The Court realizes Mr. Powell lacks personal Internet access. That is why the Court directed him in the March 20 cure order to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a § 1915 motion and affidavit and a § 2254 application, at www.cod.uscourts.gov. Mr. Powell did not notify the Court prior to dismissal that he was experiencing any difficulty in obtaining the proper Court forms to cure the designated deficiencies.

Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Mr. Powell fails to demonstrate any extraordinary circumstances that would justify a motion to reconsider and, therefore, the motion will be denied. *See Massengale*, 30 F.3d at 1330.

Accordingly, it is

ORDERED that the motion titled "Motion for Rehearing" (ECF No. 10) that Applicant, Frank J. Powell, filed *pro se* on May 31, 2012, and which the Court has construed liberally as a Fed. R. Civ. P. 60(b) motion, is denied.

DATED at Denver, Colorado, this  12th  day of    June   , 2012.

BY THE COURT:


   s/Lewis T. Babcock
   LEWIS T. BABCOCK
   Senior Judge, United States District Court